```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :
           -v-                          :    02 Cr. 929 (DLC)
                                        :
JAMES BORDEN,                           :    MEMORANDUM OPINION
                     Defendant.         :    AND ORDER
                                        :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-14-08

DENISE COTE, District Judge:

Through an Order of March 4, 2008 (the "March 4 Order"), the parties were given an opportunity to submit their positions on whether the defendant's sentence should be modified in light of the recent retroactive amendment to the crack guidelines. See U.S.S.G. § 1B1.10. The defendant was sentenced on July 25, 2003 principally to a term of imprisonment of ninety-six months following his conviction at trial. His sentencing guidelines range was determined at that time to be seventy-seven to ninety-six months, which included an adjustment for obstruction of justice based on perjurious trial testimony. His criminal history category was V, which reflected over ten prior convictions.

In response to the March 4 Order, the Government calculates that the defendant is eligible for a reduction in sentence based on a revised guidelines range of sixty-three to seventy-eight months' imprisonment. It does not object to a reduction within

that range.  Borden's counsel requests a reduction to sixty-three months' imprisonment, emphasizing his strong family ties, attendance in a substance abuse treatment program while on bail, and his satisfactory adjustment to prison life.

Pursuant to section 1B1.10, a court "may" reduce the defendant's term of imprisonment to a sentence within the newly calculated guidelines range.  U.S.S.G. § 1B1.10(a)(1).  Cf. Lopez v. Davis, 531 U.S. 230, 241 (2001)(construing the word "may" as a statutory grant of discretion under 18 U.S.C. § 3621).  After calculating an amended guideline range, a court "shall" consider the factors set forth in 18 U.S.C. § 3553(a), and the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the term of imprisonment" in determining "whether" a reduction should be made, and "the extent of any reduction."  U.S.S.G. § 1B1.10, cmt. n.1(B)(i) and (ii).  The court may also consider the defendant's post-sentencing conduct.  Id. at cmt. n.1(B)(iii). After considering the § 3553(a) factors, a district court may even decide to increase a defendant's sentence.  United States v. Regalado, No. 05-5739, slip op. at 18 (2d Cir. Mar. 4, 2008).

This is not the first occasion on which the Court has had to consider a re-sentencing of this defendant.  As reflected in a June 2, 2005 Order, Borden sought a resentencing pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  His

2

application was denied. In that Order, the Court noted that a sentence at the top of the guidelines range, which is unusual, "was intended as a clear signal that Borden deserved a lengthy sentence, and specifically a sentence of 96 months. As described at the sentence, the Court was influenced by Borden's 'consistent' and 'constant' violation of the law, and the need to protect society, among other things."

Having reviewed the relevant records concerning the defendant, including the transcript of the sentencing proceeding, and having considered the factors set out in 18 U.S.C. §3553(a) and the danger that the defendant poses to the community, it is hereby

ORDERED that, in an exercise of the Court's discretion, the defendant's term of imprisonment will not be reduced pursuant to U.S.S.G. § 1B1.10.

SO ORDERED:

Dated: New York, New York
March 13, 2008

DENISE COTE
United States District Judge

3

COPIES SENT TO:

John P. Collins, Jr.  
Assistant United States Attorney  
One Saint Andrew's Plaza  
New York, NY 10007

John Byrnes  
Federal Defenders Services  
52 Duane Street, 10th Floor  
New York, NY 10007